**EXHIBIT C-8**

CAUSE NO. 348-270969-14

| | |
|---|---|
| CYPHER ENTERPRISES, LLC | |
| v. | IN THE 348th JUDICIAL DISTRICT COURT |
| HASHFAST TECHNOLOGIES, LLC and HASHFAST, LLC | TARRANT COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

The Court, having considered *Plaintiff's First Amended Petition & Applications for Injunctive Relief* ("Petition") filed by Cypher Enterprises, LLC ("Plaintiff"), supporting evidence, arguments, the record, and law, finds that its Application for Temporary Restraining Order against Hashfast Technologies, LLC and Hashfast, LLC (collectively "Defendants") should be, and hereby is, GRANTED.

Accordingly, the Court makes the following findings and orders:

The Court finds that Plaintiff has complied with and met the requirements of Texas Rules of Civil Procedure 680 and 682. Plaintiff has presented evidence demonstrating that harm is imminent to Plaintiff and that Plaintiff's ability to receive complete relief upon final judgment may be impaired, frustrated or rendered impossible due to the actions of Defendants in concealing, transferring, disposing or otherwise hindering the value of property, assets or accounts that could satisfy the debt owed to Plaintiff.

The Court finds that Plaintiff will suffer imminent and irreparable harm before service can be had on Defendants and a full hearing held, unless Defendants are immediately restrained and enjoined as set forth below. Likewise, the Court further finds that Plaintiff will suffer imminent and irreparable harm unless the Court immediately restrains and enjoins Defendants without notice because there is a probability of success on Plaintiff's claims for breach of contract, money had and

ON 3/27/14, ALL SERVED VIA:
— HAND DELIVERY
— ~~MAIL~~ Fax: Hamilton Lindley
— _____ , WHO IS TO
SERVE COPIES ON ALL OTHERS    aB

Court's Minutes
Transaction #45

received, common law fraud, and violations of the Deceptive Trade Practices Act. Plaintiff alleges that it paid money to Defendants for a computer. It further alleges that a portion of this payment was made in Bitcoin to Defendant. Plaintiff also alleges that it has not received the computer nor has it received a refund from the Defendants. Defendant is not paying its debts as they come due. If Defendant is not restrained from transferring the Bitcoin, Plaintiffs may not be fully compensated. If not restrained, Defendants' acts will alter the *status quo*, causing further harm and damage to Plaintiff.

Consequently, the Court finds that a temporary restraining order is necessary because it appears to the Court that Defendants are presently engaged in, or will imminently engage in, unlawful activities including refusing to deliver the hardware purchased by Plaintiff or refund Plaintiff's BTC and USD, such that immediate relief is necessary to protect Plaintiff's rights pending a hearing on this matter and such relief must be issued without notice. Further, the harm is irreparable because of the lack of any remedy at law to adequately compensate for the damage which may be done to Plaintiff's funds.

Accordingly, it is hereby ORDERED that Defendants and, as applicable, its owners, officers, agents, servants, employers, employees, and attorneys, and all of those acting in active concert or participation with any of such persons or entities, are hereby temporarily enjoined from engaging destroying, damaging, removing, concealing, transferring, using, assigning, wasting, encumbering, burdening, alienating, harming, reducing, selling, redeeming, conveying, or otherwise disposing of any and all Bitcoins, which are possessed, held, owned, and/or managed by Defendants or any of Defendants' owners, agents, or representatives in one or more digital "wallets" up to the amount of 218.87162179 BTC.

**TEMPORARY RESTRAINING ORDER**
Page 2 of 3

It is further ORDERED that Defendant appear and show cause before the Judge of the above-referenced Court on the 9th day of April, 2014, at 8:30 a.m./p.m. in the courtroom of the 348th **Judicial District Court of Tarrant County, Texas**, then and there, why a temporary injunction should not be issued as requested by Plaintiff. The Clerk of the Court is hereby directed to issue a show cause notice to Defendants to appear at the temporary injunction hearing. On filing by Plaintiff of the bond, or cash deposit in lieu thereof, hereinafter required, and on approving the bond, if one is filed, according to the law, the Clerk of the above-entitled Court shall forthwith issue a Temporary Retaining Order in conformity with the law and the terms of this Order.

It is further ORDERED that, prior to the issuance of such a Temporary Restraining Order, Plaintiff shall file a bond with the Tarrant County Clerk in the amount of $500.00, which amount the Court finds will adequately protect the interests of Defendants, pending a hearing on Plaintiff's Application for Temporary Injunction. A check from Plaintiff's law firm is acceptable.

This Order shall expire at midnight on the fourteenth (14th) day after it is issued, if not extended by further written order of this Court.

SIGNED at 12:18 o'clock p.m. on the 27th day of March, 2014.

_____
JUDGE PRESIDING

A CERTIFIED COPY
ATTEST: 4/7/14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
SYLVIA WILSON

TEMPORARY RESTRAINING ORDER
Page 3 of 3
#348-270969-14