```
                                        U.S. DISTRICT COURT
                                        NORTHERN DISTRICT OF TEXAS
        IN THE UNITED STATES DISTRICT COURT  FILED
            NORTHERN DISTRICT OF TEXAS
             FORT WORTH DIVISION            APR 2 2 2014

                                        CLERK, U.S. DISTRICT COURT
CYPHER ENTERPRISES, LLC,        §         By_____
                                §                  Deputy
        Plaintiff,              §
                                §
VS.                             §   NO. 4:14-CV-243-A
                                §
HASHFAST TECHNOLOGIES LLC,      §
ET AL.,                         §
                                §
        Defendants.             §
```

## ORDER

Came on for consideration the request for preliminary
injunction hearing, filed in the above action by plaintiff, Cyper
Enterprises, LLC. Although the court has misgivings about the
merit of such motion, the court anticipates setting the matter
for a hearing in the near future.

For the information of the parties, the court does not
intend to try this case twice. Therefore, a trial on the merits
is to be combined with the preliminary injunction hearing, the
net effect of which is to combine the trial on the merits with a
hearing for a permanent injunction. The court expects the
parties to fully cooperate in their discovery on the assumption
that the trial on the merits will be combined with the hearing on
plaintiff's motion for preliminary injunction. The parties are
expected to cooperate in conducting expedited discovery with that

thought in mind. There is a possibility that the court will set this case for hearing on the trial of the merits as well as on the preliminary injunction sometime around or after late June or early July 2014. The parties should bear that possibility in mind in evaluating and executing their discovery needs. If the court finds that either side is not fully cooperating in expedited discovery, the court will take appropriate action. In other words, the court expects, and hereby ORDERS, the parties to fully cooperate in conducting discovery on an expedited basis that would allow it to be completed in advance of a hearing/trial in this action sometime around or after late June or early July 2014.

Certain rules and procedures that are to be followed by the parties in the handling of this litigation are set forth below:

A.   Timing of Rulings on Motions

The court reminds the parties that a response and brief to an opposed motion must be filed within twenty-one (21) days from the date the motion is filed, Local Civil Rule LR 7.1(e), and that a reply brief may be filed within fourteen (14) days from the date the response is filed, Local Civil Rule LR 7.1(f). Each motion shall be deemed to be ripe for ruling by the court at the end of such time period. If the court concludes that the motion should be granted, the court normally will not await a reply

2

before ruling. On occasion, the court will, upon motion or <u>sua
sponte</u>, order an expedited response or reply. As a general rule,
motions will be ruled upon without hearing; however, hearings
will be scheduled as appropriate.

B.  Nature of Legal Representation Required and Document
    Signing Requirements

All parties and attorneys in this action are reminded of the
provisions of Fed. R. Civ. P. 11 and Local Civil Rules LR 7.1, LR
10.1, LR 83.7, LR 83.9, and LR 83.10. The rules do not
contemplate that law firms are, or will be, admitted or
authorized to practice before this court. Instead, the
representation is to be provided by individual attorneys who
qualify to practice before this court under the provisions of
Local Civil Rules LR 83.7, LR 83.9, or LR 83.10. Nor do the
rules contemplate that simulated signatures of attorneys of
record can be used, instead of actual signatures, on pleadings,
motions, etc.

From this point forward all parties to this action, and
their counsel, shall strictly comply with the requirements of the
above-mentioned rules unless otherwise directed by the court, and
that, in the course of doing so:

(1) Each attorney who participates in a conference
contemplated by Local Civil Rule LR 7.1(a) shall be an

3

attorney of record who is admitted to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(2)   Each certificate of service and certificate of conference shall be signed by either a pro se party or an attorney of record who is admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(3)   A simulated signature of an attorney or party is unacceptable and will not be used;[1]

(4)   None of the items filed with the papers in this action is to be signed by a law firm, as opposed to individual attorneys who are admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;[2]

(5)   None of the items filed with the papers in this action is to be signed by an attorney who is not authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10; and

---

[1]Examples of a "simulated signature" are a fax or machine copy of a signature and a "signed by permission" signature.

[2]The United States Supreme Court has explained that in the federal practice a document filed with the court should be signed by the individual attorney, on his own behalf, and not on behalf of his firm. LeFlore v. Marvel Entm't Grp., 493 U.S. 120, 126 (1989).

4

(6)   Each pro se party shall sign each item filed by
him or her on his or her own behalf.

The court will consider ordering the denial of the relief
sought by any item that has not been properly prepared, signed,
and filed or the ordering that such an item be stricken from the
record of this case.

## C.   Preparation for Filing of Evidentiary Items (Such as Appendices) and Similar Items

Each evidentiary item, including any exhibits, filed in
connection with any pleading or other paper, shall be clearly
marked by the exhibit number or letter, or other designation if
any, assigned to the item.   All such items shall be filed as
attachments, or in a separate volume, bearing consecutive page
numbers and appropriate index tabs so that the court can readily
locate each item.   Each collection of evidentiary items shall
have at the front a table of contents giving the description of
each item in the collection and the tab and page number where the
item can be found.   Evidentiary items shall not be put together
in such a fashion as to make them unwieldy.   An item or
collection of items of more than fifty pages shall be spiral-
bound on the side.   Counsel shall highlight, as appropriate,
those portions of the items that are of particular pertinence.
Submission to the court of any collection of cases or other legal

authorities will be handled in a manner comparable to the foregoing directions relative to evidentiary items.

D.   Adoption of Statements in Pleadings

Further, counsel are reminded that the federal rules contemplate only that statements in pleadings may be adopted by reference.  Fed. R. Civ. P. 10(c).  Attempted incorporation by reference of any other material may not be considered by the court.

E.   Requests for Sealing of Items Are Discouraged

For the information of the parties, the court does not routinely make it a practice to allow documents to be filed under seal.  See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) (the public has a common-law right to inspect and copy judicial records); SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993) (the court's discretion to seal records is to be exercised charily); Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1177 (6th Cir.1983) (the First Amendment and the common law limit the court's discretion to seal records).  See, also, United States v. Holy Land Found. for Relief & Dev., 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record

6

supporting the court's decision sealed from public view."). The

parties are, of course, free to enter into any agreement between

them as to confidentiality of documents produced in discovery.[3]

Any party desiring to file a specific document under seal should

file a motion for leave to do so, accompanied by a memorandum

giving with specificity (including a statement of all facts

supporting such request and a citation and discussion of all

legal authorities supporting the request) all reasons why there

should be a sealing from public view of such document.[4]   Further,

all facts recited in any such memorandum must be verified by the

oath or declaration of a person or persons having personal

knowledge thereof.   Cf. United States v. Edwards, 823 F.2d 111,

118 (5th Cir. 1987) (if closure of a presumptively open

proceeding is to withstand a first amendment challenge, the court

must make specific fact findings demonstrating that a substantial

probability exists that an interest of a higher value will be

prejudiced and that no reasonable alternatives will adequately

---

[3]The court is not inclined to involve itself in such an agreement of the parties. There is no reason why the parties cannot put any agreement into a legally enforceable document without causing the court to devote its time and attention to the matter. Rule 26(c) of the Federal Rules of Civil Procedure should not be used as a vehicle for converting an agreement of the parties into a court order. Therefore, the court does not anticipate that the parties will request it to review any discovery agreement they have reached.

[4]The movant should bear in mind that simply showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983).

7

protect that interest).

\*    \*    \*    \*    \*    \*    \*

Strict compliance with the terms of this order is required.
Should any party or counsel fail to cooperate in doing anything
required by this order to be done, such party or counsel or both
will be subject to sanctions, including dismissal or entry of
default without further notice.  See Fed. R. Civ. P. 16(f).

THE COURT SO ORDERS.

SIGNED April 22, 2014.

JOHN McBRYDE
United States District Judge

8