IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CYPHER ENTERPRISES, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-00243-A |
| | § | |
| HASHFAST TECHNOLOGIES LLC and HASHFAST LLC, | § | |
| | § | |
| Defendants. | § | |

# DEFENDANTS HASHFAST TECHNOLOGIES LLC AND HASHFAST LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(2), 12(b)(3) AND 12(b)(6)

Dated: May 6, 2014

John D. Penn
Texas Bar No. 15752300
JPenn@perkinscoie.com
Kelly D. Hine
Texas Bar No. 24002290
KHine@perkinscoie.com
Erin E. Leu
Texas Bar No. 24070138
ELeu@perkinscoie.com

Perkins Coie LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
214.965.7700 – Office
214.965.7799 – Facsimile

**Attorneys for Defendants Hashfast Technologies LLC and Hashfast LLC**

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................1

III. ARGUMENT AND AUTHORITIES ..............................................................................4

    A. The Court Should Dismiss Under Rule 12(b)(1) because Cypher Lacks Standing to Bring These Claims ............................................................................4

    B. The Court Should Dismiss Under Rule 12(b)(2) Because Cypher Has Failed to Allege a Sufficient Basis for the Exercise of Personal Jurisdiction ...........5

        1. The Complaint Fails to Allege Sufficient Minimum Contacts ......................5
            a. There is No Specific Jurisdiction ........................................................6
            b. There is No General Jurisdiction ........................................................6

        2. Litigating in Texas Would Also Offend traditional Notions of Fair Play and Substantial Justice .........................................................................8

    C. The Court Should Dismiss Under Rule 12(b)(3) in Favor of Mandatory Arbitration .............................................................................................................9

    D. The Court Should Dismiss the Texas DTPA Claims and All Claims Against Hashfast Under Rule 12(b)(6) ..............................................................................10

    E. Alternative Request for a More Definite Statement or to Strike .........................11

IV. CONCLUSION ..............................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Asahi Metal Indus. Co. v. Superior Court,*
  480 U.S. 102, 113 (1987)..................................................................................8

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..................................................................................7, 10

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)....................................................................................10

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC,*
  729 F. Supp. 2d 789 (N.D. Tex. 2010)........................................................4

*Collins v. Morgan Stanley Dean Witter,*
  224 F.3d 496 (5th Cir. 2000)........................................................................3

*Dealer Computer Servs. v. Old Colony Motors, Inc.,*
  588 F.3d 884 (5th Cir. 2009)........................................................................9

*Dean Witter Reynolds Inc. v. Byrd,*
  470 U.S. 213 (1985)......................................................................................9

*Dynamo v. Warehouse of Vending & Games,*
  168 F. Supp. 2d 616 (N.D. Tex. 2001)....................................................6, 8

*F.D.I.C. v. Bledsoe,*
  989 F.2d 805 (5th Cir. 1993).......................................................................9

*Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.,*
  815 S.W.2d 223 (Tex. 1991)........................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 505 (1984)..................................................................................5, 6

*La Fargue v. Supreme Court of Louisiana,*
  634 F.2d 315 (5th Cir.), *cert. denied*, 452 U.S. 939 (1981)........................4

*Lim v. Offshore Specialty Fabricators, Inc.,*
  404 F.3d 898 (5th Cir. 2005)........................................................................9

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,*
  594 F.3d 383 (5th Cir. 2010)........................................................................3

LEGAL120763324.4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................................................. 4

*Mink v. AAAA Dev. LLC*,
    190 F.3d 333 (5th Cir. 1999) .................................................................................. 5, 6

*PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. Partnership*,
    146 S.W.3d 79 (Tex. 2004) ..................................................................................... 10

*Revell v. Lidov*,
    317 F.3d 467 (5th Cir. 2000) .................................................................................... 7

*Wilson v. Belin*,
    20 F.3d 644 (5th Cir. 1994) ...................................................................................... 5

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .................................................................................................. 6

**STATUTES**

Tex. Bus. & Com. Code Ann. § 17.505(a) ..................................................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ......................................................................................................... 11

U.S. Const. amend XIV .................................................................................................... 5

Fed. R. Civ. P. 12(b)(1), (2), (3) & (6) ............................................................... 4, 5, 9, 10

Defendants Hashfast Technologies LLC ("Hashfast Technologies") and Hashfast LLC ("Hashfast") (collectively "Defendants") file this Brief in Support of their contemporaneously-filed Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6).

## I. INTRODUCTION

Whether for standing, personal jurisdiction, arbitration, or failure to state a claim, the Court should dismiss the allegations in the Original Complaint (the "Complaint") so the Plaintiff, Cypher Enterprises, LLC ("Cypher" or "Plaintiff"), or some other appropriate party can assert those claims in an appropriate forum. Cypher lacks standing because it suffered no alleged injury at the hands of Defendants and has no right to litigate the rights of others; the Defendants and the transactions at issue have no meaningful connection to Texas; the contract governing those transactions contains a mandatory arbitration clause; and the Complaint fails to state any claim against Hashfast or to state a Texas Deceptive Trade Practices Act ("DTPA") claim against either Defendant. Defendants respectfully request that the Court grant dismissal for any or all of these reasons.

## II. FACTUAL BACKGROUND

Hashfast Technologies is a limited liability company organized under California law with its principal place of business in San Jose, California. Declaration of Edward deCastro for Hashfast Technologies LLC ("deCastro HFT Decl.") ¶ 2, Ex. A, Defs.' App. 001. Hashfast Technologies' sole member is Hashfast, which is a limited liability company organized under Delaware law with its principal place of business in San Jose, California. deCastro Decl. HFT ¶ 2, Defs.' App. 001; Declaration of Edward deCastro for Hashfast LLC ("deCastro HF Decl.") ¶ 2, Ex. B, Defs.' App. 014. Hashfast's members are citizens of the State of California, the State of

Colorado, and the Special Administrative Region of Hong Kong in the People's Republic of China. deCastro HF Decl. ¶ 2, Defs.' App. 014.

The Complaint asserts claims for breach of contract, money had and received, common law fraud, and violations of the Texas DTPA arising from and related to five orders for computers from Hashfast Technologies. Pl.'s Comp. ¶¶ 26-34. Plaintiff did not place any of those orders. Rather, Plaintiff alleges that it received an assignment of rights from each of the individuals who purchased the Hashfast products.[1] Pl.'s Compl. ¶¶ 12-14. The orders are as follows:

1) Order No. 616 was placed by Matthew Leong in **Australia** and was to be shipped to Mr. Leong in **Australia**. Pl.'s Comp. ¶ 13, Pl.'s App. 1.[2]
2) Order No. 991 was placed by Jason Badua in **Hawaii** and was to be shipped to Mr. Badua in **Missouri**. Pl.'s Compl. ¶ 14 & n.1, Pl.'s App. 2-3.
3) Order No. 1981 was placed by Mr. Badua in **Hawaii** and was to be shipped to Matthew Carson in **Missouri**. Pl.'s Compl. ¶ 14 & n.1, Pl.'s App. 4-5.
4) Order No. 2176 was placed by Mr. Leong in **Missouri** and was to be shipped to Mr. Leong in **Missouri**. Pl.'s Compl. ¶ 14 & n.1, Pl.'s App. 6-7.
5) Order No. 2354 was placed by Mr. Badua in **Hawaii** and was to be shipped to Mr. Carson in **Missouri**. Pl.'s Compl. ¶ 14 & n.1, Pl.'s App. 8-9.

None of the orders at issue came from, and none of the products at issue were going to, Texas or Texans.

As a part of each purchase, the purchasers consented to the Hashfast Terms of Sale ("Terms of Sale").[3] Pursuant to the Terms of Sale, the purchasers and Hashfast Technologies

---

[1] Although Plaintiff alleges that an individual by the name of Thomas Salvatore placed at least one order for computers (Pl.'s Compl. ¶ 14), Mr. Salvatore is not named as the buyer in any of the documents in the Plaintiff's Appendix, Ex. A (Pl.'s App. 1-9).

[2] This shipment was later changed to Missouri.

[3] The Order Confirmations for Order Nos. 616 and 991 are attached as Exhibits 1 and 2 to the Declaration of Edward deCastro for Hashfast Technologies. (Defs.' App. 005-013) The Terms of Sale that were in effect when Orders Nos. 1981, 2176, and 2354 were placed included the same arbitration clause, choice of law provision, and clause prohibiting assignments without Hashfast Technologies prior written

**Defendants' Brief in Support of Motion to Dismiss - Page 2**
LEGAL120763324.4

agreed to submit any disputes relating to the purchase of Hashfast Technologies' products to arbitration. The relevant arbitration provisions of the agreement are as follows:

> (b) ANY CLAIM, DISPUTE OR CONTROVERSY (WHETHER IN CONTRACT, TORT OR OTHERWISE, WHETHER PRE-EXISTING, PRESENT OR FUTURE, AND INCLUDING STATUTORY, CONSUMER PROTECTION, COMMON LAW, INTENTIONAL TORT) BETWEEN BUYER AND HASHFAST [TECHNOLOGIES[4]], its agents, employees, principals, successors, assigns, affiliates, subsidiaries, arising from or relating to the purchase of Product, these Terms, its interpretation or the breach, termination or validity thereof, Hashfast [Technologies]'[] advertising, SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION.
>
> (c) THE ARBITRATION WILL BE CONDUCTED IN ... SANTA CLARA COUNTY, CALIFORNIA, U.S.A.
>
> (d) The arbitrator shall have exclusive authority to resolve any dispute relating to arbitrability or enforceability of this arbitration provision including any unconscionability challenge or any other challenge that the arbitration provision or the Agreement is void, voidable, or otherwise invalid. The arbitration shall be administered by the American Arbitration Association (AAA) or JAMS (or a substitute forum if both are unavailable). Arbitration proceedings shall be governed by this provision and the applicable procedures of the selected arbitration administrator, including any applicable procedures for consumer-related disputes, in effect at the time the claim is filed. ...

Terms of Sale ¶ 15, Defs.' App. 009. Additionally, Hashfast Technologies and its customers agreed that the laws of California would govern all disputes related to the purchase of computers from Hashfast Technologies:

> ANY CLAIM, DISPUTE OR CONTROVERSY (WHETHER IN CONTRACT, TORT OR OTHERWISE, WHETHER PRE-EXISTING, PRESENT OR FUTURE, AND INCLUDING STATUTORY, CONSUMER PROTECTION, COMMON LAW, INTENTIONAL TORT) BETWEEN BUYER AND HASHFAST [TECHNOLOGIES],

---

consent. deCastro HFT Decl. ¶ 17, Defs.' App. 002. It is appropriate for this Court to consider the documents attached to Defendants' Motion to Dismiss. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The orders, which incorporate the Terms of Sale, are referenced in the Complaint (*e.g.*, ¶¶ 12-14, 22, 27 & n.1, Ex. A (Pl.'s App.1-9)) and are central to each of Plaintiff's claims as they govern the relationship between Hashfast Technologies and its customers.

[4] In the Terms, "Hashfast" is defined as "Hashfast Technologies, Inc.," (Terms ¶ 1) n/k/a Hashfast Technologies LLC. deCastro HFT Decl. ¶ 1, Defs.' App. 001, 007.

**Defendants' Brief in Support of Motion to Dismiss - Page 3**
LEGAL120763324.4

its agents, employees, principals, successors, assigns, affiliates, subsidiaries, arising from or relating to the purchase of Product, these Terms, its interpretation or the breach, termination or validity thereof, Hashfast [Technologies]'[] advertising (each, a "Dispute") shall be governed by the laws of the State of California and the Federal Laws of the U.S.A., each without regard to conflicts of law. …

Terms of Sale ¶ 15(a), Defs.' App. 009. Finally, the Terms expressly prohibit assignment without written consent, stating "Buyer shall not assign any rights or obligations under the Agreement without the prior written consent of Hashfast [Technologies]." Terms ¶ 14, Defs.' App. 008. Hashfast Technologies never consented to any assignment from the purchasers to Cypher. deCastro HFT Decl. ¶ 18, Defs.' App. 003.

### III. ARGUMENT AND AUTHORITIES

A. **The Court Should Dismiss Under Rule 12(b)(1) because Cypher Lacks Standing to Bring These Claims.**

Standing "is a threshold requirement in every federal action and must be present upon initiation of the action." *Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010) (internal quotations omitted). To establish standing, a plaintiff must, among other things, have suffered an injury in fact. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "No litigant in the federal courts may appear as a self designated ombudsman for the rights of others." *La Fargue v. Supreme Court of Louisiana*, 634 F.2d 315, 315 (5th Cir.), *cert. denied*, 452 U.S. 939 (1981).

Cypher has not alleged that *it* suffered the requisite legal injury here. Cypher does not allege that it purchased any products from Hashfast Technologies, that it paid anything to Hashfast Technologies, or that it was directly harmed by any alleged wrongful conduct by either Defendant. Instead, Cypher alleges that the people who bought products from Hashfast Technologies assigned their rights to Cypher. The purchase documents, however, expressly prohibit such assignments without prior written consent. Because Cypher does not allege that

Hashfast Technologies provided prior written consent to the alleged assignment (and Hashfast Technologies, in fact, did not consent), Cypher has not established its right to bring suit on behalf of the purchasers. Because Cypher alleges no individual injury and has failed sufficiently to allege a basis for asserting the rights of others, Cypher lacks standing, and this court should dismiss the Complaint under Rule 12(b)(1).

**B.      The Court Should Dismiss Under Rule 12(b)(2) Because Cypher Has Failed to Allege a Sufficient Basis for the Exercise of Personal Jurisdiction.**

Plaintiff bears the burden to demonstrate that this Court has personal jurisdiction over the nonresident Defendants. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Personal jurisdiction is proper under the Due Process Clause[5] when (1) a nonresident defendant purposefully avails itself of the benefits and protections of the forum state through "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over the nonresident defendants does not offend "traditional notions of fair play and substantial justice." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987)). Because the Complaint alleges no specific contact, and insufficient general contact, with Texas by either Defendant and because the exercise of personal jurisdiction in this case would violate traditional notions of fair play and substantial justice, the Court should dismiss the Complaint.

    1.      The Complaint Fails to Allege Sufficient Minimum Contacts.

Minimum contacts with a forum can give rise to either specific or general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 505, 414 (1984). Here, the Complaint alleges **_no_** contact with Texas by either Defendant that is specific to this

---

[5] The Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the federal constitutional requirements of due process, so the only inquiry is whether exercising personal jurisdiction is consistent with the Fourteenth Amendment. *See Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

Defendants' Brief in Support of Motion to Dismiss - Page 5
LEGAL120763324.4

dispute, and the only alleged general contact by the Defendants with Texas is insufficient to support personal jurisdiction as a matter of law.

  a. **There is No Specific Jurisdiction.**

Specific jurisdiction exists only if a defendant or defendants "purposefully do some act or consummate some transaction in the forum state," *Dynamo v. Warehouse of Vending & Games*, 168 F. Supp. 2d 616, 620 (N.D. Tex. 2001), and the claims at issue in the suit are "arising out of or relating to the [defendants'] contacts with the forum." *Helicopteros Nacionales de Colombia*, 466 U.S. at 414 n.8; *Mink*, 190 F.3d at 336.

Here, the claims at issue relate to five orders for the purchase of products from Hashfast Technologies. Hashfast Technologies is in California. No purchaser is from Texas, no purchaser ordered products in Texas, and no purchaser requested shipment to Texas. Indeed, each purchaser resides outside of Texas, placed his order from a foreign state or country, and request shipment to a location outside of Texas. Because neither Defendant could "reasonably anticipate being haled into court" in Texas on sales made outside of Texas to non-Texas residents for non-Texas delivery, there can be no specific personal jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

  b. **There is No General Jurisdiction.**

Plaintiff also fails to allege facts supporting general jurisdiction. "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Mink*, 190 F.3d at 336. For general jurisdiction, the minimum contacts analysis is considerably more stringent because the plaintiff must show that the defendant conducted "substantial" activities in the forum state. *Dynamo*, 168 F. Supp. 2d at 620.

The sole alleged basis for the exercise of general jurisdiction in this case is that "Defendants [sic] products—computer hardware—*are available* for purchase by Texas residents

**Defendants' Brief in Support of Motion to Dismiss - Page 6**
LEGAL120763324.4

on its website, www.hashfast.com." Pl.'s Compl. ¶ 5 (emphasis added).[6] The Fifth Circuit, however, has explicitly rejected the argument that the mere existence of a website--even an interactive website where products are sold--could provide the type of continuous and systematic contact necessary to support general jurisdiction. *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2000).

In *Revell,* a nonresident of Texas posted an allegedly defamatory article concerning a Texas resident to a website maintained by Columbia University in New York. *Revell*, 317 F.3d at 469. The allegedly-defamed Texas resident brought suit in Texas against the author of the article and Columbia University, arguing that the website, which invited users to subscribe to a journal, purchase advertising, and submit electronic applications for admission, provided enough contacts for general jurisdiction over Columbia University. *Id.* at 470. The Fifth Circuit rejected the plaintiff's argument, holding that the question of general jurisdiction was "not difficult": "Though the maintenance of a website is, in a sense, a continuous presence everywhere in the world, the cited contacts of Columbia with Texas are not in any way 'substantial.'" *Id.* at 471. Accordingly, the existence of the website fails as a matter of law to establish a *prima facie* case for general jurisdiction over either Defendant.

Moreover, Defendants lack any other substantial, continuous and systematic contacts with Texas. Defendants are not organized under Texas law; do not have their principal places of business in Texas; do not have any members of the LLCs in Texas; do not have any offices in Texas; do not have any employees in Texas; do not maintain a physical address or phone number in Texas; are not authorized to do business in Texas; do not have a registered agent for service in

---

[6] Plaintiff's Complaint additionally includes conclusory statements to support its claim that jurisdiction is proper, such as that Defendants "regularly transact or solicit business in this State," (Pl.'s Comp. ¶ 5). These statements, in addition to being false (deCastro HFT Decl. ¶¶ 3-14, Defs.' App. 001-002; deCastro HF Decl. ¶¶ 3-15, Defs. App. 015), are no more than "naked assertion[s] devoid of further factual enhancement," which are conclusory and thus cannot sustain a claim past a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Texas; do not have any financial assets or bank accounts in Texas; do not own any property in Texas; do not regularly transact or solicit business in Texas; and do not derive substantial revenue from goods used or services rendered in Texas. deCastro HFT Decl. ¶¶ 3-14, Defs.' App. 001-002; deCastro Decl. HF ¶¶ 3-14, Defs.' App. 015. Thus, insufficient general contacts exist, and the Court should dismiss the Complaint.

### 2. Litigating in Texas Would Also Offend Traditional Notions of Fair Play and Substantial Justice.

Even if Plaintiff had established sufficient minimum contacts (which it did not), litigating this suit in Texas would offend traditional notions of fair play and substantial justice. *See Asahi Metal Indus. Co.*, 480 U.S. at 113; *see also Dynamo*, 168 F. Supp. 2d at 621. Courts consider five elements when conducting this analysis: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. *Id.*

Defendant Hashfast Technologies is organized under California law with its principal place of business in San Jose, California. Its sole member is Defendant Hashfast, which organized under Delaware law with its principal place of business in San Jose, California. Hashfast's members are citizens of the State of California, the State of Colorado, and the Special Administrative Region of Hong Kong in the People's Republic of China. The burden of litigating a lawsuit in Texas would be substantial as Defendants and their members are all located outside of the state, with at least one member located outside of the country. *See Asahi Metal Indus. Co., Ltd*, 480 U.S. at 114. Additionally, there appears to be little benefit to Plaintiff (other than the location of counsel) in litigating this case in Texas, as none of the purchasers were Texas residents, all of the purchases were outside of Texas, and none of the shipments were to Texas.

Moreover, the State of Texas has little interest in adjudicating this dispute. Texas law does not apply because Hashfast Technologies and its customers expressly selected California law to govern the purchases, there is no good reason that the burden of this litigation should fall on the juries and courts in Texas, and nothing suggests that Texas would be the most convenient forum for this case. Each of the public and private considerations suggest that it would be it would be unreasonable and unfair for this Court to assert personal jurisdiction over this case.

C. **The Court Should Dismiss Under Rule 12(b)(3) in Favor of Mandatory Arbitration.**

When parties contractually agree to arbitrate and the claims are, on their face, subject to arbitration, the court should dismiss under Rule 12(b)(3). *See Dealer Computer Servs. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005). This test is met when a valid agreement to arbitrate exists and the dispute is covered by the agreement. *Dealer Computer Servs.*, 588 F.3d at 886. "Beyond this analysis, the courts generally do not delve further into the substance of the parties' disputes." *Id.* at 886-87. As the Supreme Court has explained, the Federal Arbitration Act "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

The test for arbitration is met here. Hashfast Technologies and the purchasers of the equipment at issue agreed in the Terms of Sale to submit any disputes relating to those purchases to binding arbitration in Santa Clara, California.[7] Terms of Sale ¶ 15, Defs.' App. 009. The Terms of Sale govern the purchase of the products at issue in this lawsuit. The arbitration clause in the Terms of Sale applies to "any claim ... between buyer and Hashfast [Technologies] ...

---

[7] Though Defendants dispute the validity of any alleged assignment, Plaintiff would stand in the shoes of the purchasers of the computers. *See F.D.I.C. v. Bledsoe*, 989 F.2d 805, 810 (5th Cir. 1993).

Defendants' Brief in Support of Motion to Dismiss - Page 9
LEGAL120763324.4

arising from or relating to the purchase of Product." Terms of Sale ¶ 15(b), Defs.' App. 009. Because all of the claims in this lawsuit arise from or relate to the purchase of Hashfast Technologies' products, the Court should order arbitration.

D.  **The Court Should Dismiss the Texas DTPA Claims and All Claims Against Hashfast Under Rule 12(b)(6).**

The Complaint fails to state a viable claim for violations of the Texas DTPA and fails to state any viable claim against the Defendant, Hashfast. First, the Terms of Sale specify that California law governs all claims relating to the purchase of products from Hashfast Technologies, and the Texas DTPA claims do not arise under California law. Moreover, the purchasers allegedly assigned their rights to sue to Cypher, and Texas DTPA claims cannot be assigned. *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. Partnership*, 146 S.W.3d 79, 92 (Tex. 2004). Additionally, the Texas DTPA requires that a consumer provide written notice at least 60 days before filing suit, and Plaintiff fails to allege that it provided the required notice. Tex. Bus. & Com. Code Ann. § 17.505(a).

Second, the Complaint fails to state any claim against Hashfast. All of Plaintiff's alleged claims relate to the orders for computers placed with Hashfast Technologies. Pl.'s Compl. ¶¶ 12-14, n.1 & Ex. A. Plaintiff nowhere alleges that Hashfast, as opposed to Hashfast Technologies, committed any specific wrongful act; that Hashfast received, shipped, or was otherwise involved with any of the disputed orders; or that Hashfast is otherwise liable or responsible for the alleged wrongdoing of others. As such, Plaintiff has failed to assert a plausible claim for relief in this case against Hashfast. *See Iqbal*, 556 U.S. at 687; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

E.     **Alternative Request for a More Definite Statement or to Strike.**

Despite being ordered by this Court to re-plead in accordance with the Federal Rules, Cypher has failed to provide a pleading that actually complies with those Rules. Most importantly, Cypher has alleged fraud and fraud-like claims, but it has failed to alleged the who, what, when, where, why, and how for those claims required by Federal Rule of Civil Procedure 9(b). Defendants respectfully request that the Court order Cypher to re-plead those claims with the particularity required by the Federal Rules or that the Court strike any claims that fail to meet the federal pleading standards.

## IV. CONCLUSION

As shown above, the Court should dismiss Plaintiff's claims because Plaintiff lacks standing, this Court lacks personal jurisdiction, the parties selected arbitration, Plaintiff failed to state a claim for violations of the Texas DTPA against either Defendant and failed to state any claims against Hashfast. Accordingly, Defendants respectfully request that the Court grant the Motion to Dismiss, dismiss the Complaint, and grant such other and further relief to Defendants to which they may be justly entitled.

**Defendants' Brief in Support of Motion to Dismiss - Page 11**
LEGAL120763324.4

Dated: May 6, 2014

Respectfully submitted,

*[signature]*

John D. Penn
Texas Bar No. 15752300
JPenn@perkinscoie.com
Kelly D. Hine
Texas Bar No. 24002290
KHine@perkinscoie.com
Erin E. Leu
Texas Bar No. 24070138
ELeu@perkinscoie.com

Perkins Coie LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
214.965.7700 – Office
214.965.7799 – Facsimile

**Attorneys for Defendants Hashfast Technologies LLC and Hashfast LLC**

## CERTIFICATE OF SERVICE

On the 6th day of May, 2014, a true and correct copy of the above was sent via certified mail return receipt requested and electronic mail to the following:

Robert J. Bogdanowicz III
325 N. Saint Paul Street, Suite 1500
Dallas, Texas 75201
(214) 736-7861 – Office
(214) 965-8505 – Facsimile
rob@deanslyons.com

*[signature]*
Counsel for Defendants